**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAY PETER MONTEROSE,
Plaintiff-Appellee,

v.

ALPHONSO HARRISON, individually
and in his official capacity; SEAN
SULLIVAN, individually and in his
official capacity,
Defendants-Appellants,

and

TOWN OF BERWYN HEIGHTS,

MARYLAND; THOMAS J. LOVE, former
Mayor of the Town of Berwyn
Heights in his official capacity;
WILLIAM T. ARMISTEAD, JR., Mayor
of the Town of Berwyn Heights in
his official capacity; JAMES F. ARTIS,
SR., Chief of Police of the Town of
Berwyn Heights, Maryland
individually and in his official
capacity,
Defendants.

No. 99-1240

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.

Peter J. Messitte, District Judge.

(CA-98-195-PJM)

Submitted: March 28, 2000

Decided: April 18, 2000

Before NIEMEYER, Circuit Judge,
HAMILTON, Senior Circuit Judge, and
Deborah K. CHASANOW, United States District Judge
for the District of Maryland, sitting by designation.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Ronald McGlenn Cherry, MCGUIRE, WOODS, BATTLE &
BOOTH, Baltimore, Maryland, for Appellant. Marcell Solomon,
MARCELL SOLOMON & ASSOCIATES, P.C., Greenbelt, Mary-
land, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In this interlocutory appeal, Alphonso Harrison and Sean Sullivan,
police officers for the town of Berwyn Heights, Maryland, appeal the
district court's denial of their motion for summary judgment in a civil
action filed by Jay Monterose. Monterose's complaint against Harri-
son, Sullivan, other public officials, and the town of Berwyn Heights,
stemmed from his arrest following a traffic stop. It alleged various
state and federal claims, including unlawful arrest and excessive
force. See 42 U.S.C.A. § 1983 (West 1994 & Supp. 1999). The dis-
trict court granted summary judgment to all of the defendants but offi-
cers Harrison and Sullivan. The court concluded that there were
genuine issues of material fact that precluded summary judgment in
favor of the police officers based upon qualified immunity. Having

2

previously granted the parties' motion to submit this appeal on the briefs, we have reviewed the parties' submissions and dismiss the appeal for lack of jurisdiction.

A district court's interlocutory order denying a defendant's motion for summary judgment is an appealable collateral order when the defendant is a public official asserting a qualified immunity defense and "the issue appealed concern[s], not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of `clearly established' law." Johnson v. Jones, 515 U.S. 304, 311 (1995). Thus, a court's order denying a qualified immunity defense at summary judgment is appealable if the defendants claim "there was no violation of clearly established law accepting the facts as the district court viewed them." See Winfield v. Bass, 106 F.3d 525, 530 (4th Cir. 1997). However, we have no jurisdiction over an appeal that requires an assessment of whether or not certain conduct occurred. See id. We conclude that this is such an appeal and dismiss for lack of jurisdiction.

DISMISSED

3